1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8     TYLER D. JOHNSON,                    Case No.  23-cv-03910-AMO (PR)

                    Plaintiff,
9                                          **ORDER OF DISMISSAL**

10         v.

11    MARK ZUCKERBERG, et al.,

12                    Defendants.

13         Plaintiff Tyler D. Johnson, an inmate in Missouri, filed the present civil rights action

14    pursuant to 42 U.S.C. § 1983, representing himself.  He has been granted leave to proceed *in*

15    *forma pauperis*.

16         On March 13, 2024, the Court conducted an initial screening of the complaint pursuant to

17    28 U.S.C. § 1915A(a), and found that

18              the allegations and prayer for relief in the instant complaint seem to
                be a duplicate of those of an existing class action, *In re Facebook,*
19              *Inc., Consumer Privacy User Profile Litigation*, Case No. 18-md-
                2843-VC (N.D. Cal.) ("In re Facebook") (Dkt. 491 at 89-250 of Case
20              No. 18-md-2843-VC (setting forth factual allegations regarding
                violations of data privacy), Dkt. 491 at 89-250 of Case No. 18-md-
21              2843-VC 354 ¶ 1383 (seeking damages)).

22    Dkt. 11 at 3.  The Court also determined that while Johnson argued in a conclusory fashion that

23    his suit had "nothing to do with the legal claims related to *In re Facebook*," *see id.* (citing Dkt. 5 at

24    4), Johnson's argument was "unavailing," especially since his allegations and request for monetary

25    damages were duplicative of those in *In re Facebook*, *see id.*  Accordingly, the Court concluded

26    that the complaint should be dismissed as duplicative.  *See id.* (citing *Pride v. Correa*, 719 F.3d

27    1130, 1133 (9th Cir. 2013)).  The Court also denied Johnson's motion for class certification, his

28    "Motion for Approval of Proposed Consent Judgment."  Dkt. 11 at 4-5.

United States District Court
Northern District of California

The Court further found that Johnson seemed to meet the criteria of being a class member and, as a Missouri resident, a member of the Missouri "subclass" of *In re Facebook.  See id.* at 3-4 (citing Dkts. 491 at 252 ¶ 764(a) and 254 ¶ 764(a)(xiv) of Case No. 18-md-2843-VC).  The Court pointed out that that case had reached a settlement, *see id.* at 4 (citing Dkt. 1118 of Case No. 18-md-2843-VC), but that Johnson did not allege he opted out of the settlement, *see id*.  Because Johnsons did not allege he opted out, the Court directed him to "submit any claim for damages to the settlement administrator of *In re Facebook*, whose contact information is listed in the settlement website: www.FacebookUserPrivacySettlement.com." *Id.*  The Court added:

> The settlement website says that anyone can email the settlement administrator at info@FacebookUserPrivacySettlement.com, call him/her at 1-855-556-2233, or mail any inquiries to Facebook Consumer Privacy User Profile Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

*Id.*

The Court further instructed Johnson that if he wished to seek other forms of equitable relief, then he must do so by urging further action through the class representative and class counsel, or by intervention in the class action, not by filing a separate, individual case.  *Id.* (citing *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc))).  Finally, because it was possible that Johnson could have opted out of the settlement agreement, the Court concluded that "the instant dismissal [was] with leave to amend, and Johnson will need to allege that he opted out of the class action settlement in an amended complaint . . . ." *Id.*  The Court granted Johnson twenty-eight days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action.  *Id.* at 10-11.

Johnson subsequently filed an amended complaint.  Dkt. 12.  Johnson names similar defendants and makes similar allegations as in his original complaint.  *Compare* Dkt. 1 *with* Dkt. 12.  He also attempts to name multiple plaintiffs, but, as mentioned, the Court has previously denied Johnson's motion for class certification.  *See* Dkt. 11 at 4-5.

The Court has reviewed Johnson's amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to amend.  For example, Johnson has not indicated whether he opted out of the settlement

agreement even though he was instructed to do so.  *See* Dkt. 12.  Also, Johnson does not make any further arguments as to whether or not his legal claims are related to those in *In re Facebook*.

Accordingly, Johnson's claims are **DISMISSED AS DUPLICATIVE**.

The Clerk of the Court shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  October 28, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**